UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PIERRE FISHER,                )                                          |
|                               )                                          |
|           Petitioner,         )                                          |
|                               )                                          |
|      v.                       )   CAUSE NO. 1:04-CV-208 TLS              |
|                               )                                          |
| DAN MCBRIDE,                  )                                          |
|                               )                                          |
|           Respondent.         )                                          |

**OPINION AND ORDER**

Petitioner Pierre Fisher, a state prisoner confined at the Maximum Control Facility, filed this *pro se* petition, pursuant to 28 U.S.C. § 2254, seeking the restoration of good time credits he lost as the result of a prison disciplinary action. Mr. Fisher subsequently filed an amended petition, which remains before the court. The parties' submissions establish that in December 1991, Pendleton Correctional Facility officials charged the petitioner with lying to staff. He pled not guilty but the Conduct Adjustment Board ("CAB") found him guilty and imposed a loss of thirty days of earned credit time.

The Respondent argues that Mr. Fisher's petition should be denied because he did not exhaust his Indiana Department of Correction ("IDOC") administrative remedies as required by *Markham v. Clark*, 978 F2d 993 (7th Cir. 1992). Alternatively, he argues that the petition should be denied on the merits because violations of prison rules state no claim for federal habeas relief. Mr. Fisher states in his amended petition that he did not include this issue "in any of [his] disciplinary appeals because it simply wasn't available when he submitted them." (Amended petition at p. 3–4). He suggests that he did present this issue in a much later classification appeal.

Mr. Fisher's petition asserts that the loss of earned credit time assessed by the disciplinary board was never approved by the facility head in violation of IDOC policy. Mr. Fisher appealed the finding of guilt to the IDOC's final reviewing authority, though he did not include the issue he

presents in this petition. But even assuming that Mr. Fisher's failure to exhaust is excusable, his claim is still without merit.

Claims that prison officials violated IDOC policy in depriving prisoners of earned credit time are not cognizable in § 2254 actions. Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F.Supp. 765 (N.D.Ind. 1997). Therefore, Mr. Fisher's claim that the facility superintendent failed to approve or disapprove his sanction under IDOC rules and policies is not actionable in a habeas proceeding.

For the foregoing reasons, the court DENIES this petition.

SO ORDERED on January 10, 2006.

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT